IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Manuel Cruz, #363270,<br><br>         Plaintiff,<br><br>v.<br><br>Zachary Hilton; William Donohue; Matthew Waters; Jonathan Garrett; Chad Maltby; Johhny Westmoreland; Greenville County Sheriff Office; and Mason Hubber,<br><br>         Defendants. | C/A No. 1:17-2157-JFA-SVH<br><br><br>**ORDER** |

## I.   INTRODUCTION

The *pro se*[1] Plaintiff, Manuel Cruz ("Plaintiff"), is an inmate incarcerated at Allendale Correctional Institution in the custody of the South Carolina Department of Corrections. On August 14, 2017, he filed this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights by the above-captioned defendants. Plaintiff filed this action *in forma pauperis* under 28 U.S.C. § 1915.[2] On November 29, 2017, the Defendants filed a motion to dismiss. (ECF No. 29). The Court subsequently

---

[1] "Pro se complaints and pleadings, however inartfully pleaded, must be liberally construed and held to less stringent standards than formal pleadings drafted by lawyers." *Ally v. Yadkin Cty. Sheriff Dept.*, 698 F. App'x 141, 142 (4th Cir. 2017) (citing *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007)).

[2] Because the Complaint (ECF No. 1) was filed pursuant to 28 U.S.C. § 1915, this Court is charged with screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the Complaint if, after being liberally construed, it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

1

sent Plaintiff a *Roseboro* order on November 30, 2017. (ECF No. 30). Plaintiff was required to respond to Defendants' Motion by December 13, 2017. (ECF No. 29). On December 11, 2017, Plaintiff filed a Motion to Stay (ECF No. 32), and the Magistrate Judge denied the Motion but allowed Plaintiff until February 1, 2018 to respond to Defendants' Motion. (ECF No. 34). Plaintiff responded to Defendants' Motion on February 20, 2018 (ECF No. 43), and the Defendants replied on February 27, 2018 (ECF No. 44). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d), (D.S.C.), the case was referred to a Magistrate Judge for Review.

The Magistrate Judge assigned to this action[3] prepared a thorough Report and Recommendation ("Report") and opines that Defendants' Motion to Dismiss should be granted. (ECF No. 46 p. 6). The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation. Plaintiff filed objections to the Report on March 23, 2018. (ECF No. 49). Therefore, this matter is ripe for review.

---

[3] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d), (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

## II. LEGAL STANDARD

### A. MOTION TO DISMISS

It is well established that a Rule 12(b)(6) motion examines whether a plaintiff has stated a claim upon which relief can be granted. Traditionally, a plaintiff must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The United States Supreme Court has made clear that, under Rule 8 of the Federal Rules of Civil Procedure, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555.

> Expounding on its decision in *Twombly*, the Supreme Court stated in *Iqbal*:
>
> [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Iqbal*, 556 U.S. at 677–78 (quoting *Twombly*, 550 U.S. at 555–57, 570) (citations omitted); *see Bass v. Dupont*, 324 F.3d 761, 765 (4th Cir. 2003).

### B. THIS COURT'S REVIEW OF MAGISTRATE'S REPORT

A district court is only required to conduct a de novo review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Plaintiff has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate's Report thus requires more than a reassertion of arguments from the Complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir.1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

## III. DISCUSSION

Plaintiff has presented no arguments that could be considered a specific objection to the Magistrate's Report. Plaintiff merely repeats arguments from his Complaint (ECF No. 1) and Motion to Amend (ECF No. 42), which the Magistrate addressed fully in her Report (ECF No. 46). Moreover, Plaintiff cites to legal authorities without providing the Court with facts to connect the authorities to the present case. Repetitions of prior arguments the Magistrate has already addressed and citations to legal authority are not enough to constitute a specific objection. *See Workman*, 2017 WL 4791150, at *1; *Orpiano*, 687 F.2d at 47. In the absence of specific objections to portions of the Report, this Court is not required to give an explanation for adopting the Magistrate's recommendation. *See Camby*, 718 F.2d at 199.

## IV. CONCLUSION

Therefore, after carefully reviewing the applicable laws, the record in this case, as well as the Magistrate's Report, this Court finds the Magistrate's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, the Court adopts the Magistrate's Report (ECF No. 46). Thus, Defendants' Motion to Dismiss (ECF No. 29) is granted, and Plaintiff's Motion to Amend the Complaint (ECF No. 42) is dismissed as moot.

IT IS SO ORDERED.

April 10, 2018
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge